UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|                              | )   |                            |
|------------------------------|-----|----------------------------|
| **UNITED STATES OF AMERICA,** | )   |                            |
|                              | )   |                            |
| v.                           | )   | Case No. 09-681-MJ (JMF)   |
|                              | )   |                            |
| **VINCENT GRAY,**            | )   |                            |
|                              | )   |                            |
| **Defendant.**               | )   |                            |
|                              | )   |                            |

**MEMORANDUM OPINION**

Defendant consented to trial, judgment, and sentencing before a United States Magistrate Judge, waiving his rights to a trial, judgment, and sentencing before a United States District Judge. As such, I have the case for all purposes. Currently pending before me and ready for resolution are seven pre-trial motions filed by defendant, including five motions to dismiss, a motion for a bill of particulars, and a motion to suppress certain evidence. The government has submitted an omnibus opposition to all seven motions. The deadline for a reply from defendant has passed; thus, I will assume that he will not file a reply and that the motions are ripe.

Defendant is self-employed as a taxi cab driver. The government alleges that defendant failed to make a return and to pay federal and District of Columbia taxes. Information [#5] ("Info."). Defendant has filed several motions to dismiss the counts related to these allegations. I will address each motion in turn.

**I. Motion to Dismiss Counts One, Three, and Five or to Strike Surplusage from Those Counts**

Defendant is charged with failing "to make an income tax return to the Internal Revenue Service." Info. at 1-3. The charge is made in Count One for calendar year 2004, in Count Three

for calendar year 2005, and in Count Five for calendar year 2006. Id. Defendant claims that the parenthetical note following the counts, "willful failure to file return in violation of Title 26, United States Code, Section 7203," indicates that the government initiated a prosecution for an offense the statute does not condemn. Motion to Dismiss Counts One, Three and Five or to Strike Surplusage from Those Counts [#8] ("MTD #1") at 2. According to defendant, the section does not mention the Internal Revenue Service ("IRS") and does not mandate the filing of a return. Id. The Supreme Court, in Hamling v. United States, 418 U.S. 87, 119 (1974), and in United States v. Resendiz-Ponce, 549 U.S. 102, 108 (2007), "identified two constitutional requirements for an indictment: 'first, [that it] contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, [that it] enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" Resendiz-Ponce, 549 U.S. at 108 (quoting Hamling, 418 U.S. at 117). Thus, the defendant argues that these counts must be dismissed or the surplusage struck from the information. MTD #1 at 8. The government contends that the Information meets the constitutional standard of sufficiency "because it lays out the elements of 26 U.S.C. § 7203 with sufficient clarity and specificity to apprise Defendant of the charges against him, and allows him to prepare an adequate defense." Government's Consolidated Response to Defendant's Pretrial Motions [#16] ("Gov's Opp.") at 2.

    I find that the three counts, as alleged in the Information, meet the standard of sufficiency as identified by the Supreme Court and will deny defendant's motion to dismiss on these grounds. Further, I find meritless defendant's argument that the government's use of the terms "IRS" and of "filing" is unfair surplusage. As the government argues, "a motion to strike

2

surplusage from the indictment should be granted only if it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial." Gov's Opp. at 4 (citing United States v. Rezaq, 134 F.3d 1121, 1134 (D.C. Cir. 1998) (internal citations and quotations omitted)). The determination of whether a surplusage is irrelevant or prejudicial is within the discretion of the Court. See, e.g., Rezaq, 134 F.3d at 1134. Accordingly, I find the language to which the defendant objects,"the Internal Revenue Service" and "file," to be relevant and find no prejudice created by its inclusion. Defendant's motion to strike surplusage from the Information will be denied. Defendant's Supplement to Motion to Dismiss Counts One, Three, and Five or Strike the Surplusage [#15], which seeks to strike additional surplus language,[1] will likewise be denied.

## II. Motion to Dismiss Counts Two, Four, and Six for Lack of Jurisdiction

Counts Two, Four, and Six in the Information allege defendant's failure "to make a tax return and pay all taxes due and owing to the District of Columbia." Info. at 2-4. Defendant claims that the Superior Court has exclusive jurisdiction over the prosecutions to enforce this section of the D.C. Code and that the U.S. Attorney for the District of Columbia does not have authority to prosecute a local tax ordinance in the United States District Court. Motion to Dismiss Counts Two, Four and Six for Lack of Jurisdiction [#10] ("MTD #2") at 2-3. The government challenges both of these arguments, contending that the Court has jurisdiction over the District of Columbia charges because they were properly joined in the same Information as

---

[1] Defendant seeks to strike the following surplusage: (1) "to the Internal Revenue Service Center at Philadelphia, Pennsylvania, to a person assigned to receive returns at the local office of the Internal Revenue Service in Washington, D.C., or to another Internal Revenue Service office permitted by the Commissioner of Internal Revenue"; and (2) "to file a return." Supp. Mot. at 3.

3

federal offenses and that the Office of the Attorney General authorized the U.S. Attorney to bring the charges. Id. Gov's Opp. at 5, 7. The government offers to make the authorization letter from the Office of the Attorney General available to the Court for inspection; however, this is unnecessary. The D.C. Code expressly grants the United States Attorney's Office the authority to prosecute properly-joined District of Columbia charges alongside federal charges. See D.C. Code § 23-101(d). Counts Two, Four, and Six are properly joined to federal charges and the Office of the Attorney General has provided its consent to bring the charges. Defendant's motion will be denied.

Defendant's Motion to Suppress Evidence of Alleged Violation of the D.C. Code, Section 47-4103(c) [#9] ("Mot. to Suppress"), based on the same argument that the United States Attorney's Office has exceeded its prosecutorial powers by charging the violations of the D.C. Code, will likewise be denied. Further, in his motion, defendant alleges that, in bringing these charges, the United States Attorney's Office violated the Rules of Professional Conduct[2] by intentionally failing to seek the lawful objectives of a client, acting with prosecutorial misconduct, and acting with reckless disregard or negligence. Mot. to Suppress at 3-7. These allegations are serious but are not supported by any evidence. Instead, they are controverted by the existence of the authorization letter issued by the Office of the Attorney General. The Court therefore finds the defendant's allegations to be frivolous.

### III. Motion to Dismiss Information for Failure to State Essential Elements

Defendant seeks to dismiss Counts One, Three, and Five for the government's failure to

---

[2] Motion to Suppress Evidence of Alleged Violation of the D.C. Code, Section 47-4103(c) [#9] at 3-5.

4

allege specific intent in its claim that defendant deliberately refused to make a federal income tax return. Motion to Dismiss Information for Failure to State Essential Elements [#11] ("MTD #3") at 2. Defendant seeks to dismiss Counts Two, Four, and Six for failure to allege that defendant, with deliberate intent, refused to make a D.C. tax return and pay all income taxes. Id. at 3. Further, defendant argues that those three counts should be dismissed for failure to allege an an essential element: that the prosecution was in the name of the District of Columbia, not in the name of the United States. Id. at 4.

The government argues that the appropriate *mens rea* of the crimes charged is "willfulness," which is charged in the Information and is defined as a "voluntary, intentional violation of a known legal duty." Gov's Opp. at 7-8 (citing Cheek v. United States, 498 U.S. 192, 199 (1991); United States v. Pomponio, 429 U.S. 10, 12 (1976)); see also Gov's Opp. at 8-9 (citing United States v. Shorter, 618 F. Supp. 255, 256 (D.D.C. 1985) (internal citations omitted)). The Information alleges willful conduct on the part of defendant in each of the counts; therefore, defendant's motion will be denied.

### IV. Motion to Force an Election of, or to Dismiss, Duplicitous Charges in Counts Two, Four, and Six

Defendant alleges that Counts Two, Four, and Six charge two separate acts: (1) failure to make a return; and (2) failure to pay all taxes due. Motion to Force an Election of, or to Dismiss, Duplicitous Charges in Counts Two, Four, and Six, [## 12-13] ("MTD #4") at 7. Defendant argues that each offense should be in a separate count, or defendant could face an unfair jury trial. Id. at 3. Accordingly, the defendant moves the Court to dismiss the counts or force the government to choose between the two charges in each count. Id. at 8. The government argues that, "[b]ecause D.C. Code § 47-4103(a) lists in the disjunctive the ways in which an individual

5

can commit a crime, there is no error for the United States to seek a conjunctively-worded charging instrument with the ultimate goal of securing a conviction on proof of one act alone." Gov's Opp. at 10 (citing United States v. Brown, 504 F.3d 99, 104 (D.C. Cir. 2007) (internal quotations and citations omitted)).

In reviewing D.C. Code § 47-4103(a), it is clear that it lists multiple acts disjunctively. D.C. Code § 47-4103(a). I find Counts Two, Four, and Six in the Information are not duplicitous, and will therefore deny defendant's motion to dismiss or to force an election of charges.

**V. Motion for Bill of Particulars**

Defendant claims that the Information failed to state clearly and in adequate terms the nature and the cause of the alleged offenses with which he is charged. Motion for Bill of Particulars [#14] ("Mot. for Bill of Part.") at 2. Thus, the defendant moves the court to order the government to produce a bill of particulars that would answer a set of questions: (1) what sort of tax return did defendant fail; (2) what sort of taxes did defendant fail to pay in Counts Two, Four, and Six; (3) what sort of income tax return did defendant fail to file in Counts One, Three, and Five; and (4) what is the definition of the term "Internal Revenue Service" or "Internal Revenue Service Center." Id. at 3-4. The United States argues that the Information is sufficiently particular and that the government continuously provided discovery to the defense and that it will provide to defendant a list and copies of the documents it intends to use in its case-in-chief. Gov's Opp. at 11. Thus, the government argues that the motion is moot. Id.

Rule 7(f) of the Federal Rules of Criminal Procedure provides that "the court may direct the government to file a bill of particulars." Fed. R. Crim. P. 7(f). "A bill of particulars can be

6

used to ensure that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges." United States v. Butler, 822 F.2d 1191, 1193 (D.C. Cir. 1987); see also United States v. Mejia, 448 F.3d 436, 445-46 (D.C. Cir. 2006). "Yet if the indictment is sufficiently specific, or if the requested information is available in some other form, then a bill of particulars is not required." Butler, 822 F.2d at 1193. I already found the charges to be constitutionally sufficient. I further find, based on representations made by the government, that the information sought by defendant is available to him through the full discovery provided by the government. Defendant's motion will therefore be denied.

## VI. Conclusion

For the reasons stated herein, the defendant's Motion to Dismiss Counts One, Three, and Five or to Strike Surplusage from Those Counts [#8]; Supplement to Motion to Dismiss Counts One, Three, and Five or Strike the Surplusage [#15]; Motion to Dismiss Counts Two, Four, and Six for Lack of Jurisdiction [#10]; Motion to Suppress Evidence of Alleged Violation of the D.C. Code, Section 47-4103(c) [#9]; Motion to Dismiss Information for Failure to State Essential Elements [#11]; Motion to Force an Election of, or to Dismiss, Duplicitous Charges in Counts Two, Four, and Six [##12-13]; and Motion for Bill of Particulars [#14] will be denied. A separate order accompanies this Memorandum Opinion.

/s/
JOHN M. FACCIOLA
United States Magistrate Judge